## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 15-CR-119(01) (SRN/LIB) |
| **Plaintiff,** | |
| v. | **AMENDED ORDER ON MOTION FOR COMPASSIONATE RELEASE[1]** |
| Eliseo Ortiz, | |
| **Defendant/Petitioner** | |

---

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101, for Plaintiff United States of America

Eliseo Ortiz, Reg. No. 18512-041, FCI-Jesup, 2680 Hwy. 301 S., Jesup, GA 31599, Pro Se Defendant/Petitioner

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion for Compassionate Release from Custody [Doc. No. 185] (the "Compassionate Release Motion") filed by Defendant/Petitioner Eliseo Ortiz. Mr. Ortiz seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Mr. Ortiz's motion. (Gov't's Opp'n [Doc. No. 187] at 5–10). Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion without prejudice.

---

[1] This order amends Doc. No. 189 only to correct a typographical error in the case number, which listed the incorrect magistrate judge assigned to the case.

1

## I.    BACKGROUND

In September 2015, Mr. Ortiz pleaded guilty to conspiracy to file false federal and state income tax returns based on a tax-fraud scheme that he ran from inside a Minnesota prison.  (Plea Agmt. [Doc. No. 67]; Indictment [Doc. No. 1].)  In April 2016, the Court sentenced Mr. Ortiz to a 70-month term of imprisonment.  His sentence was within the applicable Sentencing Guidelines range.  (Sentencing J. [Doc. No. 118] at 2.)  Mr. Ortiz did not immediately begin serving his federal sentence because he was first required to complete a state criminal sentence.  (*See* April 29, 2016 Order [Doc. No. 122] at 1–3.) He is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, with a projected release date of September  18, 2026.  See Federal Bureau of Prisons ("BOP"), Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed July 16, 2025).

In the instant motion, Mr. Ortiz seeks compassionate release, arguing that his sentence is unusually long and would be shorter if it were imposed today.  (Def.'s Comp. Release Mot. at 8.)  In particular, he contends that the Government delayed in indicting him, his 70-month sentence does not reflect current sentencing norms, he received an "upward departure," and the Court ordered his federal sentence to run concurrently with his Illinois sentence, and some of his prior convictions were too old to be included in the calculation of his criminal history score.  (*Id.* at 5–10.)

In opposition, the Government argues that Mr. Ortiz's Compassionate Release Motion should be denied without prejudice because he has failed to exhaust his administrative remedies.  (Gov't's Opp'n at 3.)  Even if the Court considers his arguments, the Government challenges the validity of § 1B1.13(b)(6)—the authority under which Mr.

2

Ortiz raises his "unusually long sentence" argument—and requests a stay pending resolution of this issue before the Eighth Circuit, which is considering the issue in two appeals. (*Id*. at 5–6) (citing *United States v. Loggins*, No. 24-1488 (8th Cir. 2024); *United States v. Crandall*, No. 24-1569 (8th Cir. 2024)). Absent a stay, the Government requests that the Court declare § 1B1.13(b)(6) invalid. (*Id*.) In any event, if the Court declines to issue a stay or find § 1B1.13(b)(6) invalid, the Government contends that Mr. Ortiz is ineligible for relief under § 1B1.13(b)(6). (*Id.* at 7–8.) Finally, the Government asserts that consideration of the sentencing factors under 18 U.S.C. § 3553 disfavors release and that Mr. Ortiz poses a danger to the community. (*Id.* at 8–10.)

## II.    DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024). It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family

circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP

staff. U.S.S.G. § 1B1.13(b)(1)–(4). In addition, a catch-all provision for "other reasons"

permits courts to consider "any other circumstance or combination of circumstances that,

when considered by themselves or together with any of the reasons described in paragraphs

(1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs

(1) through (4)." *Id.* § 1B1.13(b)(5).

Also, the Sentencing Commission has addressed the impact of changes in the law

on defendants who have received "unusually long sentence[s]," finding that this may also

constitute an extraordinary and compelling reason for a sentence reduction:

> (6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long
> sentence and has served at least 10 years of the term of imprisonment, a
> change in the law (other than an amendment to the Guidelines Manual that
> has not been made retroactive) may be considered in determining whether
> the defendant presents an extraordinary and compelling reason, but only
> where such change would produce a gross disparity between the sentence
> being served and the sentence likely to be imposed at the time the motion is
> filed, and after full consideration of the defendant's individualized
> circumstances.

*Id.* § 1B1.13(b)(6). The unusually-long-sentence provision is subject to the following

limitation:

> Except as provided in subsection (b)(6), a change in the law (including an
> amendment to the Guidelines Manual that has not been made retroactive)
> shall not be considered for purposes of determining whether an extraordinary
> and compelling reason exists under this policy statement. However, if a
> defendant otherwise establishes that extraordinary and compelling reasons
> warrant a sentence reduction under this policy statement, a change in the law
> (including an amendment to the Guidelines Manual that has not been made
> retroactive) may be considered for purposes of determining the extent of any
> such reduction.

*Id.* § 1B1.13(c).

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

### A. Administrative Exhaustion

As an initial matter, Mr. Ortiz bears the burden of demonstrating that before he brought his Compassionate Release Motion, he first exhausted his administrative remedies with the BOP. He may do so in either of two ways—by presenting evidence of a direct denial of his request for compassionate release, or by the lapse of 30 days without a reply from the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Ortiz has failed to submit any documentation of an administrative request. Moreover, while it is not the Government's burden to do so, the Government attempted to independently locate documentation of Mr. Ortiz's administrative exhaustion of his claim for compassionate release, but did not find any such documentation. (Gov't's Opp'n at 3.)

While the Court liberally construes pro se filings, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a pro se movant must still comply with the applicable statutory requirements underlying their § 3582(c) motion, and must offer evidence of such compliance sufficient to meet their burden of proof. *See Ocanas*, 516 F. Supp.3d at 938 n.2 (finding that initially "there was no evidence in the record demonstrating that Ocanas had exhausted his administrative rights"

but that he later "provided evidence that he petitioned the warden for compassionate release" without reply and that, "[t]herefore, the motion [was] properly before the Court."). On the record before the Court, Mr. Ortiz has not met his burden to demonstrate administrative exhaustion. Therefore, the Court denies without prejudice his Compassionate Release Motion for failure to exhaust his administrative remedies.

### B. Extraordinary and Compelling Reasons

Even if Mr. Ortiz had met his burden to demonstrate administrative exhaustion, his Compassionate Release Motion would still fail on the merits.

#### 1. Unusually Long Sentence

Mr. Ortiz invokes Sentencing Guidelines § 1B1.13(b)(6) (Def.'s Comp. Release Mot. at 1, 3, 6), which applies to defendants who have received unusually long sentences, who have served at least 10 years of imprisonment, and for whom a change in the law (other than an amendment to the Guidelines that has not been made retroactive) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

As noted, the Government asks the Court to stay its ruling on this claim pending resolution of the appeals to the Eighth Circuit in *Crandall* and *Loggins* concerning § 1B1.13(b)(6). The Court declines to reserve its ruling because it is able to rule on the instant motion even assuming the validity of § 1B1.13(b)(6).[2] Even assuming §

---

[2] Moreover, the Court is concerned about the potential for additional delay. Pursuant to the appellants' unopposed motions, the Eighth Circuit has agreed, in turn, to hold the appeals in *Crandall* and *Loggins* in abeyance pending resolution of consolidated appeals before the Supreme Court in *Carter v. United States* (S. Ct. No. 24-860), and *Rutherford*

1B1.13(b)(6)'s validity, Mr. Ortiz is ineligible for relief on the merits.  *See United States v. Dunn*, No. 17-cr-168 (SRN/KMM), 2025 WL 1364166, at *4 (D. Minn. May 12, 2025) (finding defendant ineligible for relief, even assuming the validity of § 1B1.13(b)(6)); *United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024) (noting "an ongoing debate among the circuit courts regarding the validity and application of U.S.S.G. § 1B1.13(b)(6)," and resolving the defendant's compassionate release motion on other grounds); *see also United States v. Salazar*, No. 23-cr-247(1) (DWF/DTS), 2025 WL 1207589, at *1 (D. Minn. Apr. 25, 2025) (acknowledging "ongoing debate," and declining to address the section's validity or to stay the case pending the Eighth Circuit's decision in *Loggins* and *Crandall* because defendant's argument failed on the merits).

Mr. Ortiz fails to meet the criteria for relief under § 1B1.13(b)(6).  He has not served "at least 10 years of the term of imprisonment," as his 70-month federal sentence fails to meet that threshold in the first instance.  He admits as much, "stat[ing] for the record that the date I was committed [to federal custody] was on 11-23-2021."  (*See* Def.'s Comp. Release Mot. at 9.)  In addition, Mr. Ortiz raises a variety of arguments that attack the validity of his sentence (*id.* at 5–9)—arguments that might have been appropriate had they been timely raised on direct appeal or in a post-conviction motion under 28 U.S. C. § 2255.  However, such arguments are inappropriate bases for relief under 18 U.S.C. § 3582(c)(1)(A)(i).  *See United States v. Crandall*, 25 F.4 582, 586 (8th Cir. 2022) (finding that a defendant "cannot avoid the restrictions of the post-conviction relief statute by

---

*v. United States* (S. Ct. No. 24-820) concerning § 1B1.13(b)(6). *See Loggins*, No. 24-1488 (8th Cir. Order June 30, 2025); *Crandall*, No. 24-1569 (8th Cir. Order June 30, 2025).

resorting to a request for compassionate release instead."), *cert. denied*, 142 S. Ct. 2781 (2022). Furthermore, Mr. Ortiz fails to identify any change in the sentencing laws that would create a "gross disparity" between his sentence and a sentence that the Court would likely impose today. For all of these reasons, his claim for relief would fail on the merits, even if he had exhausted his administrative remedies.

### D. Factors Under 18 U.S.C. § 3553(a)

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[3] if applicable, and if the court determines that "the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

The Court has found that no extraordinary or compelling reasons warrant compassionate release, moreover, consideration of the § 3553(a) factors does not weigh

---

[3] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).

in favor of relief.  Mr. Ortiz's sentence reflects the seriousness of his conduct, and he would pose a danger to the public if released.  His sentence appropriately provides just punishment for his offenses and affords adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–(B).

### III.    CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. The Pro Se Motion for Compassionate Release from Custody [Doc. No. 185] filed by Defendant/Petitioner Eliseo Ortiz is **DENIED without prejudice**.

Dated: July 16, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge